IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-10180

Summary Calendar

---

FELIPE AGUIRRE,

Plaintiff-Appellant,

versus

THE UNITED STATES OF AMERICA

Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas
(4:93-CR-69-A)

---

July 26, 1996

Before HIGGINBOTHAM, WEINER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The appellant's lengthy delay in filing a notice of appeal causes some uncertainty regarding appellate jurisdiction and standard of review. In order to decide this case with dispatch, we treat appellant's appeal from the denial of his application under 28 U.S.C. § 2255 as though he were before this court as of right and review the district court's decision de novo. We find no error. United States v. Bailey, 116 S. Ct. 501 (1995), involved the proper definition of the term "use" when applied to a

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

defendant's use of a firearm. U.S.S.G. § 2D1.1(b)(1), upon which the district court relied to impose a 2-level increase to defendant's sentence, turns on whether a dangerous weapon was "possessed." Comment 3 to this section provides that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." In this case, law enforcement officials found the firearm at issue at appellant's residence together with over $10,000 in cash. Some of the drug transactions forming the basis for the indictment took place at appellant's residence. Under such circumstances, we find it decidedly less than "clearly improbable" that appellant possessed the firearm in connection with his drug offense. The district court committed no error in applying section 2D1.1(b)(1).

As appellant has briefed no other issue to this court, we AFFIRM the judgment of the court below. We DENY the motion for the appointment of counsel.